MARGARET LOUISE VAN ALEN, *Ex.* vs. ZENAS W. BLISS *et al.*
STATE BOARD OF TAX COMMISSIONERS.

JULY 5, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is a petition of the executrix under the will of James Laurens Van Alen, who alleges that she is aggrieved by the determination of the Board of Tax Commissioners imposing certain inheritance taxes upon the estate of said testator. The complainant paid the taxes under protest and filed in the Superior Court her petition asking for an abatement of said taxes on the ground that they were illegally assessed. The petition is before us upon an agreed statement of facts.

It appears that one James Henry Van Alen died on July 22, 1886, a resident of Newport. By the provisions of his will, which was duly probated in Newport, he devised a part of his residuary estate to the United States Trust Co., of New York in trust to pay the income thereof to his grandson James Laurens Van Alen for life and upon the death of said grandson to pay the principal to such of the descendants of said grandson and in such proportions as he might by will

appoint, and in default of appointment to pay such principal to the child or children of said grandson share and share alike. James Laurens Van Alen died May 30, 1927, a resident of Newport, leaving a will of which the complainant is executrix. By the provisions of his will, in case he left issue him surviving, he explicitly refused to execute the power of appointment given to him by the will of his grandfather. He died leaving three children. In default of appointment the amount of the property passing to said children from the trust estate created by their grandfather is $2,879,222.67. The respondent board has imposed upon the estate of James Laurens Van Alen, the donee of the power who failed to exercise the same, as an estate tax $28,792.82, and as a tax upon the right to receive $48,355.56.

The question before us with reference to the estate tax is plainly governed by the determination of this court in the case of *Manning* v. *Tax Commissioners*, 46 R. I. 400. That case dealt with an estate tax imposed upon a nonresident decedent who had failed to execute a power of appointment created by the will of a resident decedent. The right to impose such tax was claimed under the provisions of Section 1 of the Inheritance Tax Act of 1916, which became Section 1, Chapter 39, General Laws 1923. We held that under no provision of said Chapter 39, were we warranted in declaring a legislative intent to impose an estate tax upon the donee of a power by reason of his failure to appoint the property which was the subject of the power; and our determination would have been the same if the power had been exercised. The reason of the decision was that an estate tax is imposed solely upon the net estate of a decedent. The property which is the subject of a power is not in law or in fact a part of the donee's net estate. We held in that decision that a legislative intent thus to burden a decedent's estate with the payment of an inheritance tax upon the transfer of property which was not his, and did not pass under his will or by the statutes of descent, would be so unreasonable and unjust that we would not find such intent upon conjecture

but would require that the purpose be explicitly declared. Although the question arose in that case with regard to a tax imposed upon the net estate of a nonresident decedent, our construction of the statutory provisions was equally applicable to the estate of a resident decedent. Since the death of the donee of the power upon whose estate the tax under consideration in *Manning* v. *Board of Tax Commissioners* was imposed, the statute with reference to the assessment of an estate tax has been amended by Chapter 426, Revised Public Laws 1923, and again by Chapter 810, Public Laws, January Session 1926. In these amendments there appears the intent to change the statutory provisions with reference to an estate tax upon the right of a nonresident decedent to transfer, but the provisions of the statute so far as they are applicable to resident decedents remain as they were at the time of the decision in *Manning* v. *Board of Tax Commissioners, supra,* and come within the purview of that opinion.

We hold that the estate tax upon the right of this petitioner's testator to transfer was illegally assessed.

The respondent board assessed against the estate of James Laurens Van Alen a succession or legacy tax upon the transfer of the principal of said trust estate to the children of James Laurens Van Alen under the provisions of their great grandfather's will. The petitioner claims that there was no warrant in the statute for the imposition of such tax at the time it was assessed by the respondent.

Under Section 5, subsection (3), Chapter 39, General Laws 1923, in force at the time of the assessment of the succession tax considered in *Manning* v. *Board of Tax Commissioners,* 46 R. I. 400, it was provided as follows: "Whenever any person shall exercise a power of appointment, derived from any disposition of property made whether before or after the enactment of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged

absolutely to the donee of such power and had been bequeathed or devised by such donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor in whole or in part, a transfer taxable under the provisions of this chapter shall be deemed to take place to the extent of such omission or failure, in the same manner as though the person thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, and shall take effect at the time of such omission or failure."

Although a similar provision had been declared unconstitutional in New York, and although the arbitrary nature of such assessment was apparent, we held that the transfer of right had been from the donor of the power; but that by reason of the conduct of the donee, in either appointing or failing to appoint the property, there had been a transfer of possession by the donee; and that it was within the taxing power of the state to impose a tax upon such transfer of possession, and further that the state might assess such tax upon the estate of the donee, who by legislative declaration, for the purposes of inheritance taxation, should be deemed to be the owner of the subject of the power. Our conclusion was in accord with what appeared to be the best authority upon the point. We were influenced to some extent by the fact that our statute was adopted from that of Massachusetts after the Massachusetts supreme judicial court had given a like construction to the statute.

The provision with reference to succession or legacy taxes construed in *Manning* v. *Board of Tax Commissioners*, *supra*, has been radically amended by Section 5, subsection (3), Chapter 810, Public Laws, January Session 1926, and at the time of the assessment now in question was as follows: "(3) Except as otherwise provided in section eighteen of this chapter, whenever any person shall exercise a power of appointment, derived from any disposition of property

made whether before or after the enactment of this chapter, such exercise of power shall be deemed a transfer taxable under the provisions of this chapter and shall be taxed as property belonging to the donor of the power; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor in whole or in part, a transfer taxable under the provisions of this chapter shall be deemed to take place to the extent of such omission or failure and shall be taxed as property belonging to the donor of the power."

The real legislative intent of the statutory provision just quoted is not entirely clear. Analyzing the provision as best we are able it appears to be the purpose of the statute to declare that when the donee of a power appoints the property which is the subject of the power or fails to appoint at those times respectively a transfer takes place. This can not be either in law or fact a transfer in right but, as we held in *Manning* v. *Board of Tax Commissioners, supra*, in construing the provisions in Section 5, subsection (3), Chapter 39, General Laws 1923, must have reference to a transfer in possession. Having by legislative declaration established a transfer in possession, from the donee, the laws of 1923 declared that the transfer should be taxed as though the subject of the power was the absolute property of the donee, although under the ordinary rules of law it was not, and then with the aid of that legislative fiction the legacy tax was assessed upon the estate of the donee and such assessment was approved by this court. The amendment of 1926, under which the tax we are now considering was imposed, materially changed the language of the statute. The provision that the transfer should be taxed in the same manner as though the subject of the power was the absolute property of the donee was stricken from the statute and in its stead was placed the provision now in force. It is now provided that the "transfer" "should be taxed as property belonging to the donor of the power." The language of the latter phrase is not felicitous. The transfer itself is not

property but is merely the means or vehicle by which the ownership or the possession of property devolves or passes from one person to another. In the scheme of inheritance taxation that transfer or devolution is taxed. The phrase extended to give it meaning and to express what in any event must have been the intent of the general assembly would be "the transfer of property which is the subject of a power shall be taxed as though the property belonged to the donor of the power." It seems to us that it may fairly be said that under the provisions of 1923 the transfer of the subject of the power was to be taxed as the transfer of the donee's absolute property is taxed under the inheritance tax law, i. e., against the estate of the donee; but that under the provisions of the statute of 1926 the transfer of the subject of the power shall be taxed as the transfer of the donor's absolute property is taxed by the inheritance tax law, i. e., against the estate of the donor. In view of this radical change in the law we can not agree with the contention of the respondent that the transfer is still to be taxed as formerly against the estate of the donee, and that the expression "taxed as property belonging to the donor of the power" points simply to the incidents of rate of tax and amount of exemption. Naturally those incidents of taxation are involved, but so are all the other incidents of the taxation of a transfer of the donor's absolute property, including the very important incident of the assessment of the tax against his estate.

The respondent claims to find support for its contention in certain language contained in Section 18 of the statute of 1926 (Chap. 810, Pub. Laws, Jan. Session, 1926). This section, among other things, provides that whenever a will or other instrument creates the power of appointment the board of tax commissioners "may, notwithstanding the provisions of sub-section three of section five of this chapter, presently effect the settlement of and assess a tax upon the future interests subject to such power of appointment." . . . "The settlement . . . shall, if the agreement

of settlement so provides, preclude the assessment under this chapter or under any act hereafter passed of any further tax, with respect to either the right to transfer or the right to receive, upon or with respect to the transfer of any property at the time subject to such power, as a part of the estate of the donor of such power." The respondent board relies upon the expression "notwithstanding the provisions of sub-section three of section five of this chapter," and starts with the assumption that said subsection (3) authorizes an assessment against the estate of the donee of the power as formerly; it then interprets the expression just quoted as meaning that notwithstanding such right to assess against the donee's estate it may make a settlement which will exonerate the estate of the donor from liability upon any further assessment under said chapter or any future act. In this the board has misconceived the purpose in the sentence of the expression upon which it relies. Said subsection (3) declares that when a power of appointment is exercised or there is a failure to do so, then a transfer takes place. Such transfer is naturally subsequent to the probate of the will, or the time when such other instrument creating a power becomes effective. Not until then will the transfer be taxable under the provisions of said subsection (3). Section 18, however, provides that notwithstanding the provisions of subsection (3), looking to the taxation of the transfer of such future interests when they arise, the board may enter into an agreement "presently," i. e., at the time of the probate of the will or when the other instrument creating a power becomes effective, to assess a tax upon such future transfer. There is in the language of Section 18, however, an expression which supports the petitioner's contention. It is to the effect that such settlement may preclude an assessment under the chapter of any further legacy or succession tax with respect to the transfer of any property subject to the power "as a part of the estate of the donor."

Our decision upon the petition is, that in the present state of the law the respondent board was without authority to assess said estate tax or legacy tax against the estate of James Laurens Van Alen. An order of abatement of said estate tax and legacy tax should be entered by the Superior Court, and said court should in said order direct the General Treasurer to pay to the petitioner, Margaret Louise Van Alen, the executrix under the will of James Laurens Van Alen, the sum of $77,148.38 paid by the petitioner under protest, together with interest at the rate of 6 per centum per annum.

The papers in the cause will be sent back to the Superior Court with this decision certified thereon and the Superior Court is directed to enter an order of abatement in accordance with this decision.

*Sheffield & Harvey*, for petitioner.

*Harold W. James, Charles P. Sisson, Attorney-General*, for respondents.